UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD BUZZARD, JR.,<br><br>               Petitioner,<br><br>   v.<br><br>JACK WARNER,<br><br>               Respondent. | CASE NO. 2:24-CV-1381-BJR-DWC<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |

### I. INTRODUCTION

This matter is before the Court on Petitioner's objections to the Report and Recommendation of United States Magistrate Judge David W. Christel (the "Report and Recommendation"). Having reviewed Petitioner's objections, Respondent's response thereto, the record of the case, and the relevant legal authority, the Court will adopt, in part, the Report and Recommendation. The reasoning for the Court's decision follows.

### II. BACKGROUND

Petitioner Ronald Buzzard is under the jurisdiction of the Indeterminate Sentence Review Board ("ISRB"). He filed this federal habeas petition pursuant to 28 U.S.C. § 2254 in September 2024, challenging the ISRB's decision to deny his release and extend his minimum term of incarceration. *See* Dkt. No. 7. Buzzard previously pled guilty to first degree rape of a

1  child. He was sentenced to 123 months to life and released to community custody after
2  approximately twelve years in prison. After violating the terms of his community custody,
3  Buzzard's release was revoked, and he was returned to the custody of the Washington State
4  Department of Corrections ("WSDOC") to serve a new 24-month minimum term. While serving
5  this minimum term, the ISRB conducted a releasability hearing and thereafter extended the
6  minimum term by another 24 months and recommended that Buzzard receive sex offender
7  treatment. The End of Sentence Review Committee ("ESRC") further recommended that
8  Buzzard's sex offender classification be increased from level one to level three.
9        Buzzard filed a writ of mandamus in the superior court, Franklin County, for the State
10 of Washington in January 2022, requesting that the court reverse the ISRB's decision to deny his
11 release to community custody. The superior court denied Buzzard's petition and he appealed to
12 the state court of appeals in May 2023. The appellate court affirmed the superior court's
13 dismissal of the petition and Buzzard then sought review by the Washington supreme court. In
14 July 2024, the state supreme court denied the petition for review without comment.
15       Thereafter, Buzzard filed the instant federal habeas petition, arguing that he was "denied
16 [his] 5th and 14th Amendment rights to due process when [his sex offender] registration level
17 was changed with no appeal process resulting in 2-6 extra years [of] incarceration so far." Dkt.
18 No. 7 at 6. Respondent answered the petition and argued that it must be dismissed because
19 Buzzard had not properly exhausted this new "appeal" claim in state court. Respondent further
20 argued that Buzzard would be procedurally barred by the time limitation in RCW 10.73.090 from
21 bringing the "appeal" claim in state court so the petition should be dismissed with prejudice.
22 After reviewing the record, Judge Christal concluded that Buzzard's claim is unexhausted and
23 therefore barred from federal review at this time. However, Judge Christal also concluded that
24

the time limit in RCW 10.73.090 is inapplicable to ISRB decisions, so it is not a bar to Buzzard bringing his claim in state court. Thus, Judge Christal recommends that this Court dismiss the instant petition without prejudice.

### III.   DISCUSSION

#### A.   Exhaustion

It is blackletter law that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66. Rather, a petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996).

As stated above, Buzzard's claim in the instant petition is that his Fifth and Fourteenth Amendment due process rights were violated when his sex offender registration level was changed from level one to level three, and he was not given the right to appeal this decision. *See* Dkt. No. 7 at 6 ("registration level was changed with no appeal process"; "my sex offender registration level [was changed] from low risk to high risk...[with] no administrative appeal process"). This claim—lack of appeal process—is very different from the claims he raised in state court. For instance, at the state appellate level, Buzzard argued that the ISRB violated his

1 Fifth and Fourteenth Amendment rights because it did not allow him to *participate* in the ISRB's
2 decision to modify his registration level. *See generally* Dkt. No. 17 (Appellant's Opening Brief
3 Pursuant to RAP 10.3(a)) (alleging that the ISRB did not "allow [him] to participate in the
4 testing that changed his sex offender registration"; the ISRB "failed to allow [him] to 'participate
5 in' whatever actuarial testing they used to change his registration level"; the ISRB "did not allow
6 [him] to participate in the methodologies and actuarial testing, psychological exams, static-99
7 test, and give [him] a chance to dispute incorrect facts they used to aggravate his sex offender
8 registration level"; he "was not afforded his right to review the documents, make objections to
9 the facts relied on"; he "was NOT allowed 'to participate in'" the hearing) (capitalization and
10 underline in original). What Buzzard did not argue is that his constitutional rights were violated
11 because he was not afforded a right to *appeal* the ISRB's decision after the fact. Therefore,
12 Buzzard did not give the state court a full and fair opportunity to determine if a federal
13 constitutional violation occurred when he allegedly was not afforded an appeal process after his
14 registration level was increased. *See Vasquez*, 474 U.S. at 257 (a claim is exhausted only after
15 "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal
16 error without interference from the federal judiciary"); *Rose v. Palmateer*, 395 F.3d 1108, 1111
17 (9th Cir. 2005) ("[P]etitioners must plead their claims with considerable specificity before the
18 state courts in order to satisfy the exhaustion requirement."). Thus, his claim is not properly
19 exhausted.

20       **B.   Procedurally Barred**

21       As stated above, Judge Christel recommended that this Court deny Buzzard's petition
22 without prejudice because he determined that state court remedies remained available to
23 Buzzard. Judge Christel made this determination because Respondent incorrectly argued that the
24

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 4

one-year time limitation in RCW 10.73.090 barred Buzzard from bringing his new "appeal" claim in state court. However, Judge Christel correctly noted that Washington courts have found that the time limitation in RCW 10.73.090 is not applicable to ISRB decisions. Therefore, Judge Christel determined that RCW 10.73.090 does not preclude Buzzard from returning to state court with his claim.

In his response to Petitioner's objections to the Report and Recommendation, Respondent concedes that it was an error to cite to RCW 10.73.090's one-year time limitation and now argues that the correct time limitation is RCW 4.16.130's two-year "catchall" provision, noting that Washington courts have "recognized that [petitions] challenging executive agency actions involving offenders are subject to the two-year catchall limitations period" found in RCW 4.16.130. Dkt. No. 19 at 5.  Thus, Respondent argues, a petition challenging an ISRB decision to extend an offender's minimum term of confinement must be brought within two years of the ISRB's final written decision. Buzzard agrees that RCW 4.16.130 is the applicable statute of limitations. *See* Dkt. No. 18 at 6 ("As RCW 4.16.130 also gives [Buzzard] 2 years on ISRB decisions, Buzzard cannot pursue a [petition] on this issue[.]"). This Court also agrees that Buzzard is procedurally barred from bringing his "appeal" claim in state court because more than two years have passed since the ISRB issued its final decision in December 2021. *See Bretts*, 505 P.3d 148, 151 (Wn. App. 2022) (dismissing as time barred under RCW 4.16.130 a personal restrain petition because petitioner did not file it within two years of the ISRB's final written decision).[1]

---

[1] Nor has Buzzard argued actual innocence nor cause and prejudice to overcome procedural default to obtain federal review on the merits.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 5

## IV.   CONCLUSION

Based on the foregoing, the Court concludes that Buzzard's claim is not properly exhausted and is procedurally barred under state law. Therefore, the Court HEREBY ADOPTS, in part, the Report and Recommendation and DISMISSES the petition with prejudice. In addition, this Court concludes that no jurist of reason could disagree with this Court's evaluation of Petitioner's claim or would conclude the issues presented in the petition should proceed further. Therefore, a certificate of appealability is DENIED with respect to this case. The Clerk is respectfully directed to send copies of this order to Petitioner, counsel for Respondent, and to the Hon. David W. Christel.

Dated this 5th day of March 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge